[Cite as *In re K.J.*, 2026-Ohio-2986.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

IN RE:

    K.J.,

**ADJUDICATED DEPENDENT CHILD.**

**[BRANDON J. - APPELLANT]**

**CASE NO. 1-25-56**

**OPINION AND JUDGMENT ENTRY**

Appeal from Allen County Common Pleas Court
Juvenile Division
Trial Court No. 2020 JG 37023

**Judgment Affirmed**

**Date of Decision: August 3, 2026**

**APPEARANCES:**

    *Brandon J.* **Appellant**

    *Ashley R. Stansbery* **for Appellee**

**MILLER, J.**

{¶1} This appeal, having been placed on the accelerated calendar, is *sua sponte* being assigned and considered on the regular calendar pursuant to Loc.R. 11.1. Under the authority of Loc.R. 11.1(E), we have elected to issue a full opinion in lieu of a judgment entry.

{¶2} Father-appellant, Brandon J., appeals from the September 25, 2025 judgment of the Allen County Court of Common Pleas, Juvenile Division denying his motion to vacate a judgment for lack of jurisdiction and mootness. For the reasons that follow, we affirm.

{¶3} This matter originated from a complaint filed by the Allen County Children Services Board (the "Agency") on October 2, 2020 alleging that K.J. was a dependent child pursuant to R.C. 2151.04(C) due to concerns of illegal substance use in the home and a report of a domestic incident in the home.

{¶4} At an adjudication hearing on November 4, 2020, the trial court found K.J. was dependent as defined in R.C. 2151.04(C). At the disposition hearing, K.J. was ordered to remain in the care and custody of Mother, Jasmine J., under an order of protective supervision by the Agency. However, on December 31, 2020, the Agency filed a motion requesting modification of the disposition order and requested that the court place K.J. in the temporary custody of Matt and Marcie Roberts, the child's great-aunt and great-uncle.

{¶5} Following a hearing, the magistrate issued a decision on May 21, 2021 placing K.J. in the temporary custody of Matt and Marcie Roberts. In a decision filed June 15, 2021, the trial court adopted the magistrate's decision and ordered K.J. be placed in the temporary custody of Matt and Marcie Roberts.

{¶6} On June 21, 2021, the Agency filed a motion requesting the trial court place K.J. in the legal custody of Matt and Marcie Roberts and terminate the case. The matter was scheduled for a hearing on August 4, 2021, however Jasmine's attorney informed the court that the matter would be contested and so the hearing was continued until September 16, 2021.

{¶7} Evidence was presented in the morning of September 16, 2021. However, Brandon was arrested on a bench warrant and the magistrate continued the matter due to Brandon's unexpected absence and a lack of sufficient time for the parties to present the evidence. At the continued hearing on December 9, 2021, Jasmine and Brandon both requested continuances—Brandon to apply for court-appointed counsel and Jasmine due to her enrollment in the U.S. Army.

{¶8} The matter was rescheduled for a hearing on March 8, 2022; but, the trial court sua sponte vacated and rescheduled the hearing to April 21, 2022, due to a scheduling conflict. However, on April 12, 2022, Jasmine moved for a stay of proceedings for at least 90 days pursuant to 50 U.S.C. § 522 as a result of her military duties, and the trial court granted the motion.

{¶9} When the parties appeared for the continued hearing on August 10, 2022, they informed the magistrate that the CASA's recommendation differed from the wishes of K.J., and the trial court continued the hearing to appoint an attorney for K.J. A continued hearing was held on September 9, 2022, however, the parties did not complete the presentation of evidence that day.

{¶10} A final day of testimony was held on October 27, 2022. After all of the evidence was presented, the magistrate took the matter under advisement, allowing the parties to submit written closing arguments.

{¶11} On November 22, 2022, the magistrate issued a decision in which it recommended that K.J. be placed in the legal custody of Matt and Marcie Roberts. Brandon was permitted supervised visitation with K.J. at the discretion of the legal custodians.

{¶12} Brandon and Jasmine both filed objections to the magistrate's decision.[1] However, on May 1, 2023, the trial court overruled Brandon and Jasmine's objections. The trial court noted that neither Brandon nor Jasmine filed a transcript and, after thoroughly reviewing and considering the information available to the trial court, the trial court found the parties' objections to be not well-taken and approved and adopted the magistrate's decision.

---

[1] In his objections, Brandon did not challenge the court's subject-matter jurisdiction.

{¶13} On September 6, 2023, the trial court filed a judgment entry adopting the magistrate's decision and granted legal custody of K.J. to Matt and Marcie Roberts and terminated the case.

{¶14} Almost two years later, on June 6, 2025, Brandon filed a motion to vacate the November 22, 2022 magistrate's decision on the grounds that the trial court did not have subject-matter jurisdiction at the time the order was issued. On September 17, 2025, Brandon filed an amended motion to vacate the November 22, 2022 decision on the same grounds. In a September 25, 2025 judgment entry, the trial court denied Brandon's motion to vacate.

{¶15} Brandon filed a timely notice of appeal. He raises the following assignment of error:

> **The juvenile court lacked statutory authority to enter or enforce a legal-custody order after the temporary-custody framework of R.C. Chapter 2151 had expired and in the absence of a valid R.C. 2151.415 motion filed by an agency that held temporary custody at the time of filing.**

{¶16} In his assignment of error, Brandon contends that the trial court erred by denying his motion to vacate the November 22, 2022 decision because the trial court lacked subject-matter jurisdiction to enter or enforce the legal-custody order. Brandon reasons that the juvenile court lacked statutory authority to enter a legal-custody order because the temporary-custody framework of R.C. 2151.353 had allegedly expired by the time the November 22, 2022 magistrate's decision was issued.

*Relevant Law*

{¶17} "[J]uvenile courts are courts of limited jurisdiction whose powers are created solely by statute." *In re J.D.*, 2007-Ohio-3279, ¶ 8 (10th Dist.), citing *Carnes v. Kemp*, 2004-Ohio-7107, ¶ 25. "The juvenile court's determination regarding its subject matter jurisdiction implicates a question of law which this Court reviews de novo." *In re J.L.M.*, 2018-Ohio-2175, ¶ 9 (9th Dist.).

{¶18} R.C. 2151.353(G) provides that any temporary custody order issued pursuant to division (A) of that section "shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 of the Revised Code, the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section." This is commonly referred to as the "sunset provision." R.C. 2151.415(A) requires that a public children services agency or private child placing agency "that has been given temporary custody of a child pursuant to section 2151.353," not later than thirty days prior to the termination date, "shall file a motion with the court that issued the order of disposition requesting that any of the following orders of disposition of the child be issued by the court[.]" The statute lists six permissible dispositional orders, including "[a]n order that the child be placed in the legal custody of a relative or other interested individual." R.C. 2151.415(A)(3). The statute further states that temporary custody may be extended for up to two six-month periods, but "the court

-6-

shall not order an existing temporary custody order to continue beyond two years after the date on which the complaint was filed or the child was first placed into shelter care, whichever date is earlier." R.C. 2151.415(D).

{¶19} However, the Supreme Court of Ohio has held that "'[t]he passing of the statutory time period ("sunset date") pursuant to R.C. 2151.353(F) does not divest juvenile courts of jurisdiction to enter dispositional orders.'" *State ex rel. Mowen v. Mowen*, 2008-Ohio-4759, ¶ 14, quoting *In re Young Children*, 76 Ohio St.3d 632 (1996), syllabus. "'That is, 'when the sunset date has passed without a filing pursuant to R.C. 2151.415 and the problems that led to the original grant of temporary custody have not been resolved or sufficiently mitigated, courts have the discretion to make a dispositional order in the best interests of the child.'" *Id.*, quoting *In re Young Children* at 638. "Therefore, the mere passage of the statutory time period for the temporary court order does not divest the juvenile court of jurisdiction over the dependency case on remand." *Id.* at ¶ 15.

{¶20} Pursuant to R.C. 2151.415, when a valid motion is filed pursuant to R.C. 2151.415(A) before the sunset date passes, the temporary custody order continues by operation of law. R.C. 2151.353(G) provides that "upon the filing of a motion pursuant to section 2151.415 of the Revised Code, the temporary custody order shall continue and shall not terminate until the court issues a dispositional order under that section."

{¶21} In *In re B.D.*, the Ninth District Court of Appeals addressed the distinction between continuation by operation of law and continuation by court order. The court noted that R.C. 2151.415(D)(4) prohibits a juvenile court from ordering an existing temporary order to continue beyond the two-year sunset date. *In re B.D.*, 2023-Ohio-4052, ¶ 22 (9th Dist.). However, the court held that when a petition for permanent custody is filed pursuant to R.C. 2151.415(A)(4) before the expiration of an extension, "temporary custody to [the Agency] continued by operation of law, not by an order of the trial court, until the trial court ruled on the pending motion for permanent custody." *Id.* at ¶ 23.

{¶22} R.C. 2151.415(A) specifies that "a public children services agency or private child placing agency that has been given temporary custody of a child pursuant to section 2151.353 of the Revised Code" shall file the motion. The statute does not expressly address whether the agency must currently hold temporary custody at the time of filing, or whether it suffices that the agency was involved in the case and temporary custody exists in the dispositional framework. R.C. 2151.415(A)(3) permits a public children services agency with temporary custody of a child to file a motion for "[a]n order that the child be placed in the legal custody of a relative or other interested individual." Further, courts have held that if the Agency had temporary custody at the time of filing of a motion for legal custody on behalf of a relative or other interested individual, the requirements of R.C. 2151.415(A)(3) are met. *See In re Wright*, 2002 Ohio App. LEXIS 360, * 8 (4th

Dist.) ("While the Agency's motion does not specifically reference it, R.C. 2151.415(A)(3) is applicable because the Agency still had temporary custody of [the minor child] when it filed for legal custody on behalf of [the foster parents]. . . Therefore, we conclude that the Agency filed its motion under R.C. 2151.415(A)(3) on behalf of other interested individuals, namely, the foster parents, and not under R.C. 2151.353(A)(3).").

*Analysis*

{¶23} Brandon argues that once the trial court transferred temporary custody to Matt and Marcie Roberts on June 15, 2021, the Agency ceased to hold temporary custody and therefore lacked standing under R.C. 2151.415(A) to file the June 21, 2021 motion. Brandon contends the motion was "legally ineffective" and "void ab initio," and therefore, unable to toll the statutory sunset provision or preserve dispositional authority. The Agency responds that it properly filed the motion in compliance with R.C. 2151.353(G) and R.C. 2151.415, and that the child remained in temporary custody at all times after the December 30, 2020 shelter-care hearing.

{¶24} R.C. 2151.415(A) does not state that a motion must be filed by the party holding temporary custody. Rather, it states the motion shall be filed by the Agency "that has been given temporary custody of a child pursuant to section 2151.353." However, in *In re Wright*, the Agency held temporary custody and filed a motion for legal custody to the foster parents. The appellate court held that this

was permissible because the Agency had temporary custody at the time it filed the motion. *In re Wright* at *8.

**{¶25}** With respect to the timeliness of the June 21, 2021 motion, Brandon does not dispute that the motion was filed before the September 2, 2021 deadline. R.C. 2151.415(A) requires the motion be filed "not later than thirty days prior to the earlier of the date for the termination of the custody order pursuant to division (H) of section 2151.353."[2] Thirty days prior to October 2, 2021 is September 2, 2021. The motion was filed on June 21, 2021, more than thirty days prior to the deadline, therefore satisfying the statutory timing requirement.

**{¶26}** Brandon also alleges that the trial court did not retain jurisdiction after October 2, 2021. He reasons that because no "valid" motion was filed, the sunset provision was not triggered and jurisdiction expired. However, if the June 21, 2021 motion was valid, the temporary custody order was continued by statute, and the court retained jurisdiction to resolve the motion. Specifically, the trial court found that the June 21, 2021 was timely filed and in compliance with R.C. 2151.353(G) and R.C. 2151.415. Further, the court found that "the Court had continuing jurisdiction over the matter while the Motion was pending." This finding is consistent with the Tenth District Court of Appeal's holding in *In re A.J.,* which held that the filing of a motion pursuant to R.C. 2151.415(A) continues the

---

[2] The statute references R.C. 2151.353(H), but the operative provision is now in R.C. 2151.353(G).

Agency's temporary custody order until the trial court makes a disposition. *See In re A.J.*, 2014-Ohio-2734, ¶ 11 (10th Dist.) (finding that the Agency's motion to terminate temporary custody and obtain an order of protective supervision "is one of the specifically enumerated motions in R.C. 2151.415(A) that continues the [Agency's] order of temporary custody until a disposition is made."). *See In re B.D.*, 2023-Ohio-4052, at ¶ 23 (finding that temporary custody continues by operation of law upon the filing of R.C. 2151.415 motion).

{¶27} To the extent that Brandon is attempting to argue the delays which took the case beyond the two-year sunset date divested the trial court of jurisdiction, that argument also fails. The Agency filed the complaint on October 2, 2020, making the two-year sunset date October 2, 2022. The magistrate's decision was filed on November 22, 2022, approximately seven weeks after the two-year mark. R.C. 2151.353(G) provides that a court "shall not order an existing temporary custody order to continue beyond two years." However, the trial court did not issue an order continuing temporary custody beyond two years. Rather, temporary custody continued by operation of law pursuant to R.C. 2151.353(G) based on the June 21, 2021 motion. *See In re B.D.*, 2023-Ohio-4052, at ¶ 23. As the trial court noted, the delays were caused by: (1) Brandon's arrest on a bench warrant; (2) requests for continuances by the parents; (3) Jasmine's enlistment in the military and invocation of the Servicemembers Civil Relief Act; and (4) the need to appoint

-11-

separate counsel for K.J. As the trial court found, the delays were "at no fault of the Court" but resulted from ensuring the due process rights of the parents and the child.

{¶28} Furthermore, the Supreme Court of Ohio has held that failure to comply with mandatory time limits in former R.C. 2151.35(B)(1) does not divest the juvenile court of subject-matter jurisdiction. *See In re K.K.*, 2022-Ohio-3888, ¶ 54 ("The fact that the legislature did not include any mention of the court's jurisdiction in former R.C. 2151.35(B)(1) shows that there was no express legislative intent to divest the juvenile court of its subject-matter jurisdiction for failing to comply with the 90-day timeline."). The Supreme Court emphasized that unless a statute explicitly states that a time limitation is jurisdictional, such requirements are presumptively procedural. *Id.* Applying this reasoning, the passage of the sunset date while a valid motion remained pending does not divest the juvenile court of jurisdiction, particularly where temporary custody continued by operation of law and delays were attributable to parties invoking procedural rights.

{¶29} "'It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable.'" *In re K.K.* at ¶ 9, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12. Accordingly, having found that the trial court had subject matter jurisdiction at the time it issued the November 22, 2022 magistrate's decision, the procedural violations of which he complains would render the judgment voidable, not void.

"'[U]nless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong.'" *Id.* at ¶ 60, quoting *State v. Henderson*, 2020-Ohio-4784, ¶ 17. "'Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time.'" *Id.*, quoting *State v. Griffin*, 2013-Ohio-5481, ¶ 3.

{¶30} Therefore, because Brandon failed to challenge the trial court's decision granting legal custody to Matt and Marcie Roberts on direct appeal, the judgment is valid and his current challenge is barred by res judicata. *Id.* at ¶ 61.

{¶31} Thus, Brandon's assignment of error is overruled.

{¶32} Accordingly, for the aforementioned reasons, it is the order of this Court that the September 25, 2025 judgment of the Allen County Common Pleas Court, Juvenile Division be, and hereby is, affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge


_____
William R. Zimmerman, Judge


_____
John R. Willamowski, Judge

DATED:
/jlm